**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CV-62371-STRAUSS**

**JELINE STROMAN,**

      Plaintiff,

v.

**SHERIFF GREGORY TONY and**
**17TH JUDICIAL CIRCUIT COURT**
**BROWARD COUNTY,**

      Defendants.

_____/

### ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING AMENDED COMPLAINT

**THIS MATTER** came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 3] (the "IFP Motion").  For the reasons described below, the IFP Motion is **DENIED WITHOUT PREJUDICE**.  The Court will require Plaintiff to file an amended complaint no later than **March 31, 2026**, because Plaintiff's initial filing, upon screening, fails to state a claim upon which relief could be granted.

### BACKGROUND

Plaintiff filed an Emergency Writ of Habeas Corpus Ad Subjicienfum and Order Nisi Invoking Sworn Oaths, the Federal Constitution and the Common Law [DE 1] (the "Filing"). Plaintiff simultaneously filed the IFP Motion.  *See generally* [DE 3].  Several days after the Filing was entered on the docket, now-retired U.S. Magistrate Judge Alicia Valle denied Plaintiff's request for emergency consideration of the Filing.  [DE 4].  The case has since been re-assigned to the undersigned following Judge Valle's retirement.  [DE 5].  Although unclear, the Filing appears to challenge foreclosure proceedings related to Plaintiff's home or domicile.  *See* [DE 1]

at 21-25.  Plaintiff alleges that Defendants violated her due process rights and that she is in "constructive custody."  *See, e.g., id.* at 22, 25, 57-58.  As Plaintiff alleges, "The living-woman [sic], jeline [sic], is under constructive custody and unlawful restraint by Respondents through threatened ouster and forced dispossession of her domicile via foreclosure proceedings and clerk's sale . . . ."  *Id.* at 57.  For the reasons explained below, I construe Plaintiff's Filing as her complaint and conclude that it fails to state a claim upon which relief may be granted.  Therefore, Plaintiff must file an amended complaint that complies with this order.

## ANALYSIS

Plaintiff must file an amended complaint.  The screening provisions of 28 U.S.C. § 1915(e) apply here since Plaintiff has sought leave to proceed *in forma pauperis*.  Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  As discussed below, Plaintiff's Filing [DE 1] is subject to dismissal for multiple reasons.  However, rather than dismissing Plaintiff's Filing now, the Court will provide Plaintiff with an opportunity to file an amended complaint to see if Plaintiff can rectify the deficiencies with the current one.  Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend.

Generally, in preparing her amended complaint, Plaintiff should ensure that she complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[1]  In

---

[1] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys.  *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).  "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action."  *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).  Moreover, *pro se* litigants are required to comply with procedural rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e

accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Filing is deficient in multiple ways. First, it appears that Plaintiff has utilized the wrong vehicle for her claim by styling it as a petition for a writ of habeas corpus. The writ of habeas corpus generally extends only to a "prisoner" who is "in custody." *See* 28 U.S.C. § 2241(c). Critically, "federal courts have jurisdiction to entertain habeas corpus petitions only from persons who are *in custody* in violation of the Constitution or laws or treaties of the United States." *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015) (citation modified). Although courts generally interpret "in custody" broadly and do not always require that a petitioner be physically confined, the circumstances Plaintiff alleges here—"constructive custody and unlawful

---

have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

restraint . . . through threatened ouster and forced dispossession of her domicile via foreclosure proceedings and clerk's sale"—appear to be a far cry from the instances where courts have determined someone to have been in custody despite no physical confinement (e.g., parole, release on recognizance pending execution of a sentence, bail, etc.).  *See id.* (collecting cases).  Indeed, even broad interpretations of "in custody" still require "that the state exercise some control over the petitioner" and "incorporate some concept of ongoing control, restraint, or responsibility by the custodian."  *Id.* (first citing *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 (11th Cir.1988), and then quoting *Samirah v. O'Connell*, 335 F.3d 545, 549 (7th Cir.2003)).

It is unclear from the Filing why exactly Plaintiff thinks foreclosure proceedings make her "subject to a significant restraint on [her] liberty that is not shared by the general public."  *Id.* Plaintiff has not indicated that she has been convicted, arrested, or detained by Defendants. Although the taking of someone's residence through foreclosure undoubtedly can have significant impacts on their life and limit the practical choices available to them, it is typically not considered the imposition of a restraint akin to arrest, conviction, or detention.  Accordingly, Plaintiff has not clearly shown that the Court has jurisdiction to entertain this action as a petition for a writ of habeas corpus.  The Court thus construes the Filing as Plaintiff's complaint.

Second, liberally construing the filing as Plaintiff's complaint, an amended complaint is necessary because the current one is a "shotgun pleading."  *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'").  As stated earlier, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to

a single set of circumstances." Fed. R. Civ. P. 10(b).  A few types of shotgun pleadings exist, but "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323.  One type of shotgun pleading occurs when the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322.  Another type occurs when the complaint fails to separate each cause of action or claim for relief into different counts.  *Id.* at 1323.  A third type occurs when the complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

Here, the Filing contains all these flaws.  The Filing is not separated into consistently numbered paragraphs with each paragraph limited to a single set of circumstances as practicable.  Moreover, despite its 84-page length, the Filing contains hardly any allegations that are not conclusory, vague, or immaterial.  Most of the filing consists of citations to an incoherent panoply of authorities, including portions of the U.S. and Florida Constitutions and Blackstone's commentaries, with random factual assertions inserted at various points throughout.  It is totally unclear from the Filing what cause of action Plaintiff is actually bringing against Defendants, if any.  She appears to suggest the foreclosure judgment violated her due process rights.  *See, e.g.*, [DE 1] at 22-23 (alleging foreclosure judgment was "executed without due process of law" and that Plaintiff was deprived of her "liberty and property absent due process of law").  If Plaintiff seeks to allege that Defendants violated her due process rights or other legal protections, she must explain how and why each Defendant did so, separating her causes of action into different counts.  Moreover, Plaintiff often attributes conduct to both Defendants generally without clearly

identifying which is responsible for which acts or omissions.  Together, these deficiencies render Plaintiff's Filing a shotgun pleading because they make it "*virtually impossible* to know which allegations of fact are intended to support which claim(s) for relief."  *Weiland*, 792 F.3d at 1325 (quoting *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996)).

Third, to the extent that Plaintiff is attempting to act on behalf of a trust, *see, e.g.*, [DE 1] at 2, 4, 69-71 (referring to herself as trustee of the PERDENEFAS-I54v17 TRUST), the law makes clear that "a trust, like a corporation, must be represented by an attorney."  *Walker v. Schentrup*, No. 13-CV-59, 2014 WL 1379638, at *3 (N.D. Fla. Apr. 7, 2014); *accord United States v. Lena*, No. 05-80669-CIV, 2007 WL 4578336, at *1 (S.D. Fla. Dec. 27, 2007) (holding trustee lacked authority to act on behalf of trust in legal proceedings and refusing to make distinction between trusts and corporations regarding right of self-representation); *see also Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." (citations omitted)).  If the real party in interest is a trust, the trust must proceed through counsel rather than through Plaintiff in any amended complaint.[2]

---

[2] If Plaintiff's claims are premised on a "Sovereign Citizen" theory, in which Plaintiff believes she is not subject to the jurisdiction of the court system, the Court highlights for Plaintiff that such claims are routinely rejected as frivolous.  *See, e.g.*, *Bey v. Cir. Ct. of Nineteenth Jud. Cir. Saint Lucie Cnty.*, No. 21-14467-CIV, 2022 WL 16840241, at *2 n.3 (S.D. Fla. Oct. 6, 2022) (cautioning plaintiff that sovereign-citizen theory has been "completely discredited"); *Steven Macarthur-Brooks Estate v. Moreno*, No. 24-CV-24273, 2025 WL 30390, at *8 (S.D. Fla. Jan. 6, 2025) (noting that federal courts routinely dismiss sovereign-citizen-theory claims as frivolous, even where a plaintiff does not identify themselves as a sovereign citizen); *United States v. Sterling*, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (explaining so-called "sovereign citizens" and courts' practice of rejecting sovereign-citizen theories as frivolous).

These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Filing. Because of the deficiencies, the Court will require Plaintiff to file an amended complaint. Plaintiff must rectify any deficiencies with her Filing, including those outlined above.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1. Plaintiff's IFP Motion [DE 3] is **DENIED WITHOUT PREJUDICE**. Plaintiff may refile her IFP Motion when she files an amended complaint.

2. No later than **March 31, 2026**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint). Failure to do so may result in dismissal of this action without further notice.

3. If any of the claims in the amended complaint are brought on behalf of, or for the benefit of, a trust or other artificial entity, that entity shall retain counsel to file the amended complaint.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 10th day of March 2026.

Jared M. Strauss
United States Magistrate Judge

7